### SMOCK v. BOUSE, ADMR.

WHAT SHALL CONSTITUTE A SUFFICIENT ALLOWANCE OF A CLAIM.

An action by a creditor to compel an administrator to allow a certain claim will be dismissed, when it is shown that the administrator had, at various times, assured the creditor that his account would be paid the same as that of other creditors, and that the administrator had filed a petition in probate court for the sale of land, and that the petition included the creditor's claim along with the rest of the creditors.

CALDWELL, J.

This is an action brought in the court of common pleas to have a claim owned by Rebecca Smock against the estate of Charles Homan, deceased, allowed by the administrator, John Bouse.

The case has been appealed from the court of common pleas to this court.

The question occurred to me that the supreme court in passing upon one of the decisions of the circuit court in another circuit had established the doctrine, that this was not an appealable matter, the allowance of a claim; but upon careful examination I find that it must have been something else I was thinking about, for I cannot find any of the cases reported in the circuit court have been reversed by the supreme court.

There are three cases in the circuit, and one in Cincinnati and one in the Columbus circuit. The one in this court is found in 2 Ohio Circuit Decisions, page 246. The one in the Cincinnati court is in 2 Ohio Circuit Decisions, 254, and the one decided in the Columbus circuit court is in 4 Ohio Circuit Decisions, 496. I was under the impression that the one from the Columbus court had gone to the supreme court and had been reversed; but I cannot find it has been reversed, and I know of, therefore, no ruling of the supreme court upon this, and we follow the rulings of the circuit court, and say no more about that matter.

That brings us to the merits of the case. It seems that this claim was made out, which was a promissory note, that the promissory note was attached to an affidavit by pinning it to the affidavit. Upon the back of the promissory note was a proper acknowledgment of the justness and allowance of the claim by the administrator, to be signed by him, and the claim made out in that form was presented to the administrator by the husband of the plaintiff.

The administrator got some idea that if he signed that note that he was under obligation personally to make it good, and he told the husband as related by the husband of the plaintiff that if the widow's allowance did not take all the estate that he would pay him the same that he did the other creditors. It seems that the plaintiff's attorney was not quite satisfied with that, and he went back in a few days. The administrator at the first presentation detached the note from the affidavit, by taking out the pin, and not caring for the responsibility of the note being left in his hands, he handed it back to the party who had presented it and told him to keep in, and the administrator retained the affidavit.

In a few days thereafter the husband returned again and insisted upon the administrator signing the blank place upon the back of the note as an allowance of the claim, and he still refused to do it; and then a demand was made for the affidavit that had been left there.

And the facts show that he was willing to give it up but the party concluded not to take it, and the husband of the plaintiff was then again assured that he would be paid the same as other creditors, but that he would not sign the note.

Then the attorney of the plaintiff went to the administrator, but he had got it thoroughly in his head that if he signed that note that he was personally responsible, and he would not sign his name to the back of the note, but to assure the attorney that everything was all right, he took the attorney to the book where he had his accounts that he had allowed, and showed him that this account was put down with the rest, and not only that, but he had filed a petition in the probate court in this

county to sell lands belonging to the estate, and that in that petition he included this account as one of the good accounts against the estate. But he refused to sign his name on the back of the note. Thereupon this suit was brought to compel the administrator to allow this claim. The administrator answers that he had allowed it, that he had at all times, first, last and all times allowed the claim, but refused to put his name on the back of 'the note.

Now, to maintain this action any further after that answer is put in, it is involved upon the plaintiff to show that the allowance that was made by the administrator is not sufficient in law to compel the payment of this claim and to stop the statute of limitations from running.

If it were not an allowance then his claim had to be sued within six months or it would be barred by the statute of limitations; if it was allowed sufficient to stop the statute from running, then this is a good claim against that estate so far as the administrator could allow it. Now, the language of the statute is: "Section 6097. If a claim against the estate of any deceased person be exhibited to the executor or administrator, before the estate is represented insolvent, and be disputed or rejected by him, and the same shall not have been referred, the claimant shall, within six months after such dispute or rejection, if the debt or any part thereof be then due, or within six months after some part thereof shall have become due, commence a suit for the recovery thereof, and be forever barred from maintaining any action thereon; and no action shall be maintained thereon after the said period, by any other person deriving title thereto from said claimant. A claim shall be deemed disputed or rejected, if the executor or administrator shall, on presentation of the vouchers thereof, refuse, on demand made for that purpose, to indorse thereon his allowance of the same as a valid claim against the estate."

Now the next section is 6108, with reference to this: "When executor or administrator to be liable to the suit of a creditor of the deceased. No executor or administrator shall be liable to the suit of a creditor of the deceased until after the expiration of eighteen months from the date of his administration bond or the further time allowed by the court for the collection of the assets of the estate; unless it be for the recovery of a demand that would not be affected by the insolvency of the estate; or unless it be brought after the estate has been represented insolvent for the purpose of ascertaining a claim that has been contested or unless the claim has been exhibited to the executor or administrator, and has been disputed or rejected by him." That section is clearly to the effect that if the claim is presented and is not disputed or rejected then suit cannot be maintained upon it. Again in section 6210 (When creditors may sue on administration bond): After a creditor is entitled by law to the payment of his debt, from the executors or administrators, and the amount of the claim has either been admitted to be just or allowed by them, or has been ascertained by judgment or award against them, or by an order of distribution, the bond given by them for 'the discharge of their trust may be put in suit by such creditor, if the executors or administrators shall neglect, upon demand made by such creditor, to pay such claim.

It becomes evident, then, from the reading of these sections that where a claim is presented and not disputed or rejected that is a sufficient allowance to allow a suit to be brought for the money, pro rata amount, or the entire amount, as the assets may prove to be recovered against the estate, and as against the administrator.

The supreme court of Ohio in the 39th Ohio State by Judge McIl-

vaine, page 112, the holding in that case in the 39th, amounts to the same thing, and again in the 40th, where The National Bank is in fact organized as the successor of a State bank with the consent of more than two-thirds of the stockholders, it may hold and own assets of its predecessor, although in form it was organized as a new bank, and the assets were transferred to it as if by sale and purchase.

After a mortgage creditor had, in two actions, obtained decrees for sales of the mortgaged premises, the judgment debtor died testate. The will gave power to the executor to sell land to pay debts. The holder of the decrees and the executor agree that the latter might sell the mortgage lands under said power—he promising to pay said decrees in full out of the proceeds, or out of other assets of the estate as preferred claims.

The executor sold the lands for more than was due under decrees; paid nothing on the decrees ; paid out and distributed the entire estate to others and died. In an action by the holder of the said decrees against the executor's estate held :—

*First*—Said agreement in effect " allowed " the decrees as valid claims against the estate of the mortgage debtor.

There may be something in the fact that the statute giving a party a right to have his testimony in such form that it will be perpetuated so that it may never be called in question, but we do not think that right should be carried to such extent as to come into court and say that a claim has not been allowed because it is not put in the exact form that may be prescribed, that the party may have it put in. If the claim is allowed, and that appears clear by record testimony such as is presented, that this claim is one of the just claims against this estate as set up in the probate court in his petition to sell lands to pay debts, and he presents that as one of the debts of the estate, it seems to me that that is record evidence of the allowance of that claim; that would be better for the party than to simply have the name of the administrator indorsed on the back of the promissory note ; as long as it is a claim against the estate. It is a record that cannot be lost very well, nor can it ever be changed. It is of a more permanent character than that of the indorsement of the note. Now, the husband of this plaintiff knew that this claim had been put into the probate court in the petition to sell land as on one of the claims, as a good claim against this estate by this administrator, and the attorney when he went to see him to get that indorsement on the note, the attorney knew the same thing.

Now, to stand upon a technical rule that they must have the very indorsement that the statute says a party may have would be simply like a party bringing a suit for the protection of a right when he has got a better protection or just as good a protection as the suit would bring by the real protection, or the exercise of the right in the manner in which he wanted it. And that being the case, we think this claim was clearly allowed by this administrator before this suit was brought, and the parties knew that it was allowed, and we therefore hold that the plaintiff has no cause of action here against the defenndant ; that she asks for no right she has not already got. The petition will be dismissed with costs.

*C. W. Johnston* and *J. H. Leonard,* Attorneys for Plaintiff.

*H. G. Redington,* Attorney for Defendant.